IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER D. ELLIOTT, JR. | ) |
| | ) |
| v. | ) Civil Action No. 6:13CV00029 |
| | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |

## REPORT AND RECOMMENDATION

Plaintiff Christopher D. Elliott, Jr. ("Elliott") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") that he was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). I have carefully reviewed the administrative record and the applicable law, and conclude that Elliott's case should be dismissed for failure to prosecute his claim. Accordingly, I **RECOMMEND** that the Court enter an Order **DISMISSING** this case from the docket for failure to prosecute.

## PROCEDURAL HISTORY

Elliott filed his complaint on April 29, 2013. Dkt. No.3. The Commissioner filed its Answer on September 30, 2013, and filed the Administrative Record (hereinafter "R.") on October 3, 2013. Dkt. Nos. 8 & 10. Pursuant to Local Rule 4(c), a Social Security briefing notice was entered on October 3, 2013, requiring Elliott to file by November 5, 2013, "a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the

1

decision otherwise should be reversed or the case remanded." Dkt. No. 11. See W.D. Va. Gen. R. 4(c)(1). Having received no brief from Elliott, the Court issued an Order to Show Cause on February 20, 2014, giving Elliott until March 17, 2014, to file a brief in accordance with the briefing notice or otherwise show cause why the action should not be dismissed for failure to prosecute. Dkt. No. 13. The Order notified Elliott that failure to comply could result in this action being dismissed without further notice. Id. To date, Elliott has not filed a brief or responded to the Court's Order.

## ANALYSIS

### Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure allows for the involuntary dismissal of a case for failure to prosecute, and a district court may dismiss a case with prejudice for failure to prosecute on its own motion. Fed. R. Civ. P. 41(b); see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citing Link v. Wabash R. Co., 370 U.S. 626 (1962)). In determining whether involuntary dismissal for failure to prosecute is appropriate under Rule 41(b), courts examine "(1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction." Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1, *2 (M.D.N.C. Dec. 17, 2012); see Davis, 588 F.2d at 70.

Pro se litigants, such as Elliott, "are not held to the same high standards as attorneys." Craft, 2012 WL 6569021 at *1, (citing Hughes v. Rowe, 449 U.S. 5, 10n.7 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, such litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Consequently, pro se

litigants are subject to Rule 41(b).  See Id.  Further, "[w]here a plaintiff fails to prosecute his Social Security appeal, dismissal is a necessary and appropriate remedy for the efficient administration of justice."  Craft, 2012 WL 6569021 at *1.

## Discussion

Elliott has failed to prosecute his claim and to comply with orders of the Court, including the Social Security briefing notice and the Order to Show Cause, and thus, his suit is subject to dismissal under Rule 41.  Elliott has failed to take any appreciable steps toward prosecuting his claim since filing his complaint and issuing the required accompanying summonses over one year ago, leaving the Court no choice but to assume that he has elected not to pursue it.

In considering the four factors for involuntary dismissal under Rule 41(b), I find that each factor weighs in favor of dismissal.  First, while "[p]ro se litigants are entitled to some deference from courts," Ballard, 882 F.2d at 96, Elliott was solely responsible to pursuit of his claim and has failed to do so for over a year despite court orders.  Second, Elliott's failure to pursue the claim has left the Commissioner unable to address and dispense with the claim after being required to file its Answer and the Administrative Record.  Third, Elliott has had since October 3, 2013, to file his brief, and was reminded and given another opportunity to do so by way of the show cause order of February 20, 2014.  Finally, Elliott has failed to take any action related to the claim for over a year, making dismissal the appropriate action under Rule 41(b), as the Fourth Circuit has held that a district court does not abuse its discretion in dismissing a case by its own motion for a plaintiff's failure to prosecute a claim and to comply with a court order.  Davis, 588 F.2d at 70.  Consequently, dismissal is an appropriate sanction for Elliott's failure to prosecute this action and his non-compliance with the Court's Order.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that an Order be entered **DISMISSING** this case from the docket of the court. The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

    Enter: May 28, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge